UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEOFFRY C.,

                              Plaintiff,

    v.                                          No. 8:23-CV-00786

COMMISSIONER OF SOCIAL SECURITY,      (LEK/CFH)

                              Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

Legal Aid Society of Northeastern New York    WILLIAM R. HOLLAND, ESQ.
17 Hodskin Street
P.O. Box 648
Canton, New York 13617
Attorney for plaintiff

Social Security Administration              JOHANNY SANTANA, ESQ.
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for defendant

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Geoffry C.[2] ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income. See Dkt. No. 1. Plaintiff

---

[1] This matter was referred to the undersigned for completion of a Report and Recommendation in accordance with General Order 18 and Local Rule 72.3(d). See Dkt. No. 5.
[2] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Report-Recommendation and Order will identify plaintiff's last name by initial only.

moves for the Commissioner's decision to be vacated and remanded for further proceedings. See Dkt. No. 12. The Commissioner moves for the Commissioner's decision to be affirmed. See Dkt. No. 14. Plaintiff filed a reply. See Dkt. No. 15. For the following reasons, it is recommended that plaintiff's motion be granted, and the Commissioner's decision be reversed and remanded for further proceedings.

## I. Background

On November 8, 2019, plaintiff filed an application for supplemental security income. See T. at 11, 220.[3] Plaintiff alleged a disability onset date of July 3, 2019. See id. at 220, 381, 389. The Social Security Administration ("SSA") denied plaintiff's claims initially on February 25, 2020, and upon reconsideration on August 18, 2020. See id. at 241-46, 250-60. Plaintiff appealed and requested a hearing, see id. at 262, and a virtual hearing was held before Administrative Law Judge ("ALJ") Robyn L. Hoffman on June 17, 2021. See id. at 24-51. On December 23, 2021, the ALJ issued an unfavorable decision. See id. at 8-20. On May 23, 2023, the Appeals Council denied plaintiff's request for review of the ALJ's decision. See id. at 1-3. Plaintiff timely commenced this action on June 29, 2023. See Dkt. No. 1.

## II. Legal Standards

### A. Standard of Review

---

[3] "T." followed by a number refers to the pages of the administrative transcript filed by the Commissioner. See Dkt. No. 9. Citations to the administrative transcript refer to the pagination in the bottom, right-hand corner of the page.

In reviewing a final decision of the Commissioner, a district court may not determine de novo whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1388(c)(3); see also Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985-86 (2d Cir. 1987); see also Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Substantial evidence is "more than a mere scintilla," meaning that in the record one can find "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations omitted)). The substantial evidence standard is "a very deferential standard of review . . . [This] means once an ALJ finds facts, we can reject [them] only if a reasonable factfinder would have to conclude otherwise." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citation, emphasis, and internal quotations marks omitted). Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, the decision should not be affirmed even though the ultimate conclusion is arguably supported by substantial evidence. See Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson, 817 F.2d at 986). However, if the correct legal standards were applied and the ALJ's finding is supported by substantial evidence, such finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the

3

[Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citation omitted).

## B. Determination of Disability

"Every individual who is under a disability shall be entitled to a disability . . . benefit . . . ." 42 U.S.C. § 423(a)(1)(E). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" Id. § 423(d)(1)(A). A medically-determinable impairment is an affliction that is so severe that it renders an individual unable to continue with his or her previous work or any other employment that may be available to him or her based upon age, education, and work experience. See id. § 423(d)(2)(A). Such an impairment must be supported by "medically acceptable clinical and laboratory diagnostic techniques." Id. § 423(d)(3). Additionally, the severity of the impairment is "based on objective medical facts, diagnoses[,] or medical opinions inferable from [the] facts, subjective complaints of pain or disability, and educational background, age, and work experience." Ventura v. Barnhart, No. 04-CV-9018 (NRB), 2006 WL 399458, at *3 (S.D.N.Y. Feb. 21, 2006) (citing Mongeur v. Heckler, 722 F.2d 1033, 1037 (2d Cir. 1983)).

The Second Circuit employs a five-step analysis, based on 20 C.F.R. § 404.1520, to determine whether an individual is entitled to disability benefits:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.
>
> If he [or she] is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which

4

> significantly limits his [or her] physical or mental ability to do basic work activities.
>
> If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.
>
> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work.
>
> Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry, 675 F.2d at 467 (spacing added). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The plaintiff bears the initial burden of proof to establish each of the first four steps. See DeChirico v. Callahan, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing Berry, 675 F.2d at 467). If the inquiry progresses to the fifth step, the burden shifts to the Commissioner to prove that the plaintiff is still able to engage in gainful employment somewhere. See id. (citing Berry, 675 F.2d at 467).

### III. The ALJ's Decision

Applying the five-step disability sequential evaluation, the ALJ first determined that plaintiff "ha[d] not engaged in substantial gainful activity since November 8, 2019, the application date[.]" T. at 13. At step two, the ALJ found that plaintiff "ha[d] the

5

following severe impairments: cervical disc bulging and lumbosacral degenerative disc disease[.]" Id.  At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See id. at 14.  Before reaching step four, the ALJ concluded that plaintiff retained the residual functional capacity ("RFC") to

> perform a range of light work, as defined in 20 CFR 416.967(b). Specifically, [plaintiff] can occasionally lift and carry twenty pounds; frequently lift and carry ten pounds; sit for six hours, and stand and/or walk for six hours, all in an eight-hour workday with normal breaks. He should avoid working at unprotected heights; climbing ladders, ropes, or scaffolds; and working in close proximity to dangerous machinery or moving mechanical parts of equipment. [plaintiff] can frequently climb ramps or stairs. He can also occasionally stoop, kneel, crouch, and crawl. [Plaintiff] should avoid exposure to excessive amount of extreme cold temperatures.

Id. at 14.  At step four, the ALJ determined that plaintiff "ha[d] no past relevant work" and, thus, "[t]ransferability of job skills [was] not an issue[.]" Id. at 19.  At step five, the ALJ concluded that "[c]onsidering [plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform[.]" Id.  Thus, the ALJ determined that plaintiff "ha[d] not been under a disability, as defined in the Social Security Act, since November 8, 2019, the date the application was filed[.]" Id. at 20.

### IV. Discussion

### A. The Parties' Arguments[4]

---

[4] The Court's citations to the parties' briefs refer to the pagination generated by CM/ECF, located in the header of each page.

Plaintiff requests remand for further administrative proceedings, arguing that the Appeals Council erred in its assessment of additional medical evidence submitted by plaintiff. See Dkt. No. 12 at 10-15. Plaintiff further asserts that the ALJ erred (1) by failing to fulfill her duty to develop the record; (2) in evaluating the opinion of Edward Reason, D.O.; (3) in analyzing plaintiff's activities of daily living; and (4) in relying on the Medical-Vocational Guidelines without obtaining vocational expert testimony. See id. at 16-26; see also Dkt. No. 15 at 4-10.

The Commissioner argues, however, that the ALJ's decision is supported by substantial evidence. See Dkt. No. 14 at 26. Specifically, the Commissioner contends that (1) "the Appeals Council correctly concluded that Dr. Reason's treatment notes would not provide a basis for disturbing the ALJ's decision"; (2) "the ALJ fully developed the record"; (3) "the ALJ reasonably concluded that Dr. Reason's opinion was not persuasive"; (4) "the ALJ reasonably . . . [found] that [p]laintiff's activities of daily living undermined his allegations of disability"; and (5) the ALJ properly relied upon the Medical-Vocational Guidelines. See id. at 9-26.

## B. Appeals Council Review

In reaching her RFC determination, ALJ Hoffman considered the various medical opinion evidence of record. See T. at 14. As relevant here, the ALJ assessed Dr. Reason's medical opinion, summarizing that

> Edward Reason, DO, [plaintiff's] primary care provider, did complete an assessment in June 2020 indicating that [plaintiff] required the use of a cane for imbalance, pain, weakness, and insecurity. He also opined that [plaintiff] could not sustain even sedentary exertion. More specifically, Dr. Reason reported that [plaintiff] could "rarely" lift and carry less than ten pounds, sit for a total of only two hours, stand/walk for a total of less than two hours, and would need to shift between

7

> sitting, standing, or walking positions at will during an eight-hour workday. He thought [plaintiff] could "rarely" twist and "never" stoop (bend), crouch/squat, or climb stairs and ladders. He also indicated [plaintiff] had to elevate his legs all day and had very significant limitations for reaching, handling, and fingering bilaterally. Dr. Reason predicted that [plaintiff] would need to take hourly ten-to-fifteen minute rest breaks, would be off-task 25% or more of a typical workday, and would be absent from work more than four days per month. He also opined that [plaintiff] was incapable of even 'low stress' work.

Id. at 17-18 (citing T. at 497-99). However, the ALJ determined that Dr. Reason's opinion was "not persuasive" because

> [a]lthough he has reportedly treated [plaintiff] for many years, the record contains none of his progress notes, despite their having been repeatedly requested. The other medical evidence of record, which I have already discussed in detail, clearly does not support the level of limitation Dr. Reason has proposed.
>
> Nor is his assessment consistent with the other medical opinions of record or [plaintiff's] reported activities. [Plaintiff] indicated in his function report that he needed no special help or reminders to take medication or tend to his personal needs and grooming. He claimed to prepare meals, do some shopping in stores, handle money, and spend time reading, watching television, "hanging with friends," and playing video games. [Plaintiff] reported he could complete tasks, follow instructions, and go out alone. He denied having any problems paying attention or remembering things.

Id. at 18 (citing T. at 404-06, 408-09, 671-78) (spacing added). The ALJ then set out plaintiff's RFC and concluded that he "ha[d] not been under a disability, as defined in the Social Security Act, since November 8, 2019, the date the application was filed[.]" Id. at 14-20.

Subsequently, on February 2, 2022, plaintiff requested Appeals Council review of the ALJ's decision. T. at 365-68. In support of his request, on March 24, 2022, plaintiff submitted 143 pages of medical records from Gouverneur Hospital dated January 25,

2019, through August 3, 2021, including Dr. Reason's progress notes. See id. at 55-197, 454-55. However, on May 23, 2023, the Appeals Council denied plaintiff's request for review, noting that: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." Id. at 2.

"A request for Appeals Council review of an ALJ's decision is the fourth and final stage in the administrative process of adjudicating claims for benefits under the Social Security Act." Perez v. Chater, 77 F.3d 41, 44 (2d Cir. 1996). At this step, the "'Social Security regulations expressly authorize a [plaintiff] to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision.'" Blash v. Comm'r of Soc. Sec. Admin., 813 F. App'x 642, 645 (2d Cir. 2020) (summary order) (quoting Perez, 77 F.3d at 44). The Appeals Council will grant review upon receiving additional evidence if such evidence is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision," and there is "good cause" for not submitting, or informing the agency about, the evidence before the ALJ issued the decision. 20 C.F.R. §§ 404.970, 416.1470; see Elaine C. v. Comm'r of Soc. Sec., No. 1:23-CV-02120 (GRJ), 2023 WL 7280720, at *9 (S.D.N.Y. Nov. 3, 2023); see also Oscar C. v. Comm'r of Soc. Sec., No. 1:20-CV-01294 (EAW), 2022 WL 1746774, at *3 (W.D.N.Y. May 31, 2022) ("Evidence is considered new and material if it is not cumulative of the other evidence already in the record and is both relevant to the [plaintiff's] condition during the time period for which benefits were denied and probative and demonstrates a reasonable possibility that the new evidence would have influenced

9

the [ALJ] to decide [the plaintiff's] application differently.") (internal quotation marks and citations omitted).

"'[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision.'" Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015) (quoting Perez, 77 F.3d at 45). "If the additional evidence undermines the ALJ's decision, such that it is no longer supported by substantial evidence, then the case should be reversed and remanded." Webster v. Colvin, 215 F. Supp. 3d 237, 244 (W.D.N.Y. 2016) (citing Brown v. Apfel, 174 F.3d 59, 65 (2d Cir. 1999)).

Here, the newly submitted evidence includes 143 pages of medical records from Gouverneur Hospital dated January 25, 2019, through August 3, 2021. See T. at 55-197. This evidence includes various treatment records from Dr. Reason, including records dated January 25, 2019; March 11, 2019; April 8, 2019; May 21, 2019; July 22, 2019; August 23, 2019; September 20, 2019; October 24, 2019; November 25, 2019; January 17, 2020; February 17, 2020; March 17, 2020; April 17, 2020; May 14, 2020; June 15, 2020; July 13, 2020; August 10, 2020; September 14, 2020; October 13, 2020; November 13, 2020; January 15, 2021; February 16, 2021; March 16, 2021; May 13, 2021; June 11, 2021; July 8, 2021; and August 5, 2021. See id. at 55-79, 109-66. Each office visit summary details plaintiff's problem list, chief complaint, current medications, past medical and surgical history, social history, and allergies, as well as Dr. Reason's physical findings, his assessment of plaintiff, and his plan for plaintiff going forward. See id. Specifically, Dr. Reason noted that plaintiff has "lower back trauma," and

regularly suffers from "lowpain back," "a lot of body aches," "leg pain," "left shoulder" pain, and "neck pain." Id. at 58, 61, 64, 78-79.

Plaintiff summarizes some of the additional evidence:

> Before [plaintiff's] current application was filed, in March 2019 Dr. Reason prescribed Hydrocodone for [plaintiff's] neck pain. In May 2019, Dr. Reason renewed the Hydrocodone prescription. His weight at this appointment was 306 pounds. . . .
>
> In August 2019, [plaintiff] reported pain in his left shoulder and weakness and swelling in his left calf to Dr. Reason. Later in the month, [Dr. Reason ordered] a physical therapy evaluation [of plaintiff] at Gouverneur Hospital for his left shoulder pain. [Plaintiff] described his left shoulder pain as "burning/ stabbing" and that his pain was worse when reaching or lifting over his head. He also had left leg pain and weakness while standing or walking as well as difficulty walking.
>
> On examination, his left shoulder range of motion was limited, pain was noted with movement, and near impingement, Hawkins Kennedy, Empty Can, and subscapularis lift off tests were positive for pain for the left shoulder. The tests were "consistent with rotator cuff tendinopathy" with a guarded prognosis. It further was reported that [plaintiff's] "impairments include pain, decreased [range of motion] and decreased [upper extremity] strength. These impairments are leading to difficulty with tasks that require lifting/reaching with the [left upper extremity], especially overhead." He used a cane and had "decreased weight shift onto" the left lower extremity. . .
>
> In October 2019, [plaintiff] was discharged after 8 left shoulder physical therapy visits when he performed without pain but with "excessive fatigue." . . .
>
> In March 2020 and April 2020, Dr. Reason renewed the Hydrocodone prescription for [plaintiff's] neck pain. In July 2020, Dr. Reason discussed [plaintiff's] "tight" neck muscles with him, prescribed Cyclobenzaprine, and renewed the Hydrocodone prescription.

Dkt. No. 12 at 19-21 (citing T. at 60, 66, 71, 90-92, 103-04, 119, 122, 132).

Plaintiff argues that "had the ALJ obtained the additional Gouverneur Hospital records, . . . different persuasiveness would have been afforded to Dr. Reason's opinion resulting in a different RFC assessment." Dkt. No. 12 at 11. As such, plaintiff contends that "there is a reasonably possibility that the new evidence would have influenced the ALJ to decide this case differently."[5] Id. The undersigned agrees.

Where an ALJ has discounted a medical opinion based on the absence of supporting treatment records, and the plaintiff subsequently submitted those records to the Appeals Council, courts have found such evidence to be material as there is a reasonable possibility that the records would change the outcome of the ALJ's decision. See Cathy G. v. Kijakazi, No. 1:21-CV-823 (ATB), 2022 WL 11134065, at *10 (N.D.N.Y. Oct. 19, 2022) ("Plaintiff submitted additional medical records from Helios Care[, including treatment records from LCSW Jennifer Parker,] to the Appeals Council, after the ALJ's decision, but before the Appeals Council denied review. . . . The Appeals Council tersely found that the evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision. . . . [However, t]he fact that the ALJ

---

[5] Plaintiff also contends that "the Gouverneur Hospital records were new as they were received by [plaintiff's] representative on March 23, 2022 and submitted on March 24, 2022 to the Appeals Council," and "[g]ood cause exists for the submission of the Gouverneur Hospital records to the Appeals Council as the ALJ failed to properly develop the record regarding Dr. Reason's records." Dkt. No. 12 at 10, 13. However, "[b]ecause the Appeals Council did not address whether the evidence in question qualifies as 'new' evidence or whether [plaintiff] satisfied the 'good cause' standard and the Commissioner does not address these issues, the [undersigned] declines to consider these issues." King v. Comm'r of Soc. Sec., No. 19-CV-6222 (FPG), 2020 WL 5248473, at *2 n.3 (W.D.N.Y. Sept. 2, 2020) (citing Hissin v. Comm'r of Soc. Sec., No. 17-CV-1264 (FPG), 2019 WL 4253899, at *3 (W.D.N.Y. Sept. 9, 2019) (rejecting the Commissioner's argument that the plaintiff did not satisfy the good cause standard for new evidence and other arguments "because the Appeals Council did not articulate any of th[o]se reasons to justify its conclusion")) (additional citations omitted); see Dkt. No. 14 at 21 n.6; see also Bridget P. v. Comm'r of Soc. Sec., No. 3:21-CV-654 (CFH), 2023 WL 2402782, at *10 (N.D.N.Y. Mar. 8, 2023) ("[T]he Court declines to consider whether plaintiff has shown 'good cause' for failing to present the evidence sooner in the administrative process because the Appeals Council did not decline to review the ALJ's decision on that ground."); Leanne S. v. Comm'r of Soc. Sec., No. 3:20-CV-1447 (CFH), 2022 WL 4448245, at *5 (N.D.N.Y. Sept. 23, 2022) (declining to consider the good cause issue as it was not a rationale provided by the Appeals Council) (citation omitted).

discounted LCSW Parker's opinion based on the absence of supporting treatment notes [renders] this new evidence material to the ALJ's decision."); see also Secatero v. Saul, No. CV 19-87 (SCY), 2020 WL 419463, at *6 (D.N.M. Jan. 27, 2020) ("The Court finds a reasonable possibility that the additional evidence could have changed the outcome below. . . . The ALJ's rejection of Dr. Laughter's opinion was based, at least in major part, on a lack of treatment records from Dr. Laughter, so the ALJ clearly viewed the records as material. The ALJ's repeated reliance on the absence of records such as these thus supports the Court's conclusion that their current presence is material.").

In determining that Dr. Reason's opinion was "not persuasive," ALJ Hoffman specifically noted that "[a]lthough [Dr. Reason] has reportedly treated [plaintiff] for many years, the record contains none of his progress notes, despite their having been repeatedly requested." T. at 18. Thus, the ALJ's persuasiveness finding regarding Dr. Reason's opinion, specifically the ALJ's supportability assessment, rests largely on the lack of his progress notes in the record. See id.; see also Pelow v. Colvin, No. 6:14-CV-06529 (MAT), 2015 WL 8516555, at *4 (W.D.N.Y. Dec. 11, 2015) ("The ALJ's decision makes clear that her reasoning for finding an established onset date of May 9, 2012, was based primarily on a lack of medical evidence in the record indicating an earlier onset date for plaintiff's symptoms. . . . This reliance on a lack of evidence is significant, considering that [the] plaintiff supplied new evidence to the Appeals Council consisting of exactly what the ALJ found missing in [the] plaintiff's case. . . . Accordingly, the Court finds that there is a reasonable possibility that this new evidence would have influenced the ALJ to decide [the] plaintiff's application differently.") (citing Farrell v. Astrue, 692 F.3d 767, 771 (7th Cir. 2012) (remanding for reconsideration where "new evidence

13

fill[ed] in [an] evidentiary gap" and, thus, was "material evidence that the Appeals Council improperly failed to consider")); Lovan v. Saul, No. 2:19-CV-10614 (VEB), 2020 WL 13912439, at *7 (C.D. Cal. Oct. 27, 2020) (concluding that the plaintiff's additional evidence submitted to the Appeals Council, which documented treatment for the plaintiff's spinal issues, was material because "the ALJ cited the lack of evidence of such treatment as a reason for discounting [the p]laintiff's subjective complaints of pain").

However, now that Dr. Reason's progress notes are in the record, it is conceivable that they may alter the ALJ's assessment of Dr. Reason's opinion, as the notes may bolster his opinion or otherwise affect the weight given by the ALJ to his opinion. See Oscar C., 2022 WL 1746774, at *5 ("[I]n concluding that [the p]laintiff was not as limited as he alleged, the ALJ noted 'the lack of medical evidence supporting the overall allegations,' and it is conceivable that the new records could alter that analysis[, as t]he new records . . . may bolster the medical opinion evidence or affect the weight given by the ALJ to those opinions."); see also Wilbon v. Colvin, No. 15-CV-756 (FPG), 2016 WL 5402702, at *6 (W.D.N.Y. Sept. 28, 2016) (finding that reports "were . . . material" because "if considered by the Appeals Council, they would have undermined key aspects of the ALJ's decision"). The undersigned notes that, as detailed above, the additional evidence appears to provide support for Dr. Reason's opinion and, therefore, undermines the ALJ's assessment of his opinion. Compare T. at 498 (opining that plaintiff could sit for about two hours total and stand/walk for less than two hours total in an eight-hour working day; he could rarely lift and carry less than ten pounds, and never carry more than ten pounds; and he could "rarely" twist and "never" stoop (bend),

crouch/squat, or climb stairs or ladders), with T. at 61-64 (explaining that plaintiff suffers from "edema – left leg," "intermittent claudication – left leg," "arthralgias in multiple sites," "all over body pain," "neck pain," "leg pain," and "lower back trauma"); compare T. at T. at 498 (opining that plaintiff needs to use a cane to engage in occasional standing/ walking because he suffers from imbalance, pain, weakness, and insecurity), with T. at 90-91 (observing, on August 28, 2019, that plaintiff reported "having OA in all joints"; "has been having L LE burning/stabbling [sic] and gives out when standing/ walking"; has "chronic neck and back pain that limits him daily"; has "radiating LE pain that limits his mobility"; and he "presents to therapy using a straight cane" because he has "[d]ecreased weight shift onto L LE").

  Thus, if ALJ Hoffman "had the opportunity to review" the additional evidence, "it is reasonably probable that . . . [she] would have reached a different conclusion regarding [p]laintiff's residual functional capacity." Walentynowicz v. Comm'r of Soc. Sec., No. 23-CV-3515 (HG), 2024 WL 2972814, at *5 (E.D.N.Y. June 13, 2024); see Heather V. v. Comm'r of Soc. Sec., No. 20-CV-01870 (FPG), 2023 WL 2607301, at *4 (W.D.N.Y. Mar. 23, 2023) ("Here, the additional evidence [the p]laintiff submitted to the Appeals Council—Dr. Zimmerman's August and September 2020 opinions—includes specific functional parameters that provide support for Dr. Zimmermann's earlier 'conclusory' opinions . . . Because the ALJ's evaluation of the persuasiveness of Dr. Zimmermann's opinions and conclusion that they were 'not persuasive' focused primarily upon their 'supportability,' the Court finds that this additional evidence of specific functional parameters may have influenced the ALJ's evaluation of [the p]laintiff's RFC and ultimately his disability determination."). In other words, there is "'a

15

reasonable possibility that [plaintiff's additional evidence] would have influenced the ALJ to decide [plaintiff's] application differently.'" Bridget P. v. Comm'r of Soc. Sec., No. 3:21-CV-654 (CFH), 2023 WL 2402782 (N.D.N.Y. Mar. 8, 2023) ("For [this] evidence to be [considered] 'material,' there must be . . . 'a reasonable possibility that [the progress notes] would have influenced the ALJ to decide [plaintiff's] application differently.'") (quoting Suttles v. Colvin, 654 F. App'x 44, 47 (2d Cir. 2016) (summary order)); see Bido v. Astrue, No. 07-CV-5944 (RMB/HBP), 2009 WL 2222738, at *2 (S.D.N.Y. July 21, 2009) (concluding that additional evidence of an MRI "could have influenced the ALJ to decide [the plaintiff's] application differently because the ALJ based his decision in large part on the lack of medical evidence supporting [the p]laintiff's allegations of severe back pain").

The Commissioner argues that "the Appeals Council reasonably concluded that [the additional evidence] did not show a reasonable probability of changing the outcome of the [ALJ's] decision" because the "evidence does not offer support for Dr. Reason's opinion." Dkt. No. 14 at 23. However, it is well settled that "the Commissioner cannot substitute her own rationale for that of the Appeals Council." Joseph M. v. Comm'r of Soc. Sec., No. 20-CV-7004 (FPG), 2023 WL 2623588, at *4 (W.D.N.Y. Mar. 24, 2023) ("While the Commissioner also argues that the Appeals Council acted appropriately [in declining to consider Mr. Gaskill's statement] because Mr. Gaskill's findings were inconsistent with other evidence in the record, the Commissioner cannot substitute her own rationale for that of the Appeals Council.") (citations omitted); see Lugo v. Berryhill, 390 F. Supp. 3d 453, 460-61 (S.D.N.Y. 2019) ("[R]emand is appropriate in this case[.] . . . While the Commissioner may speculate that the Appeals Council denied review

16

because the new evidence was cumulative, the Court may not accept the Commissioner's 'post hoc rationalizations' for the Appeals Council's decision. The actual rationale of the decision of the Appeals Council was that the new evidence 'does not show a reasonable possibility that it would change the outcome of the decision.' But that rationale fails to come to grips with the fact that the new evidence undercuts the stated rationale of the ALJ.") (citing Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999)); see also Mendez v. Comm'r of Soc. Sec., No. 17-CV-6824 (CJS), 2019 WL 2482187, at *5 (W.D.N.Y. June 14, 2019) ("[T]he post hoc rationalizations offered by [the Commissioner], for why the additional evidence submitted to the Appeals Council would not have resulted in a different outcome, are not sufficient.") (citing Newbury v. Astrue, 321 F. App'x 16, 18 (2d Cir. 2009) (summary order) ("A reviewing court may not accept appellate counsel's post hoc rationalizations for agency action.")).

In sum, because there is a reasonable probability that plaintiff's additional evidence would change the outcome of ALJ Hoffman's decision, the Appeals Council erred by summarily rejecting and failing to consider the additional evidence. See 20 C.F.R. §§ 404.970, 416.1470. In light of the new medical records, the ALJ's decision is not supported by substantial evidence and, therefore, remand is recommended. See Lesterhuis, 805 F.3d at 88 ("[T]he ALJ's decision was not supported by substantial evidence because the new evidence contradicted the ALJ's conclusion in important respects") (citation omitted); see also Wilbon, 2016 WL 5402702, at *6 ("In light of this new evidence, the Commissioner's decision is not supported by substantial evidence and must be remanded."); Sakane v. O'Malley, No. 1:23-CV-00576 (SKO), 2024 WL 361423, at *5 (E.D. Cal. Jan. 31, 2024) (explaining that additional evidence the plaintiff

provided to the Appeals Council filled the "evidentiary gap" that the ALJ previously noted, and concluding that "considering the record as a whole, . . . the ALJ's conclusion about the extent of [the p]laintiff's limitations . . . are no longer supported by substantial evidence.").

### C. Plaintiff's Remaining Arguments

Because the undersigned recommends remand for the consideration of new evidence, the undesigned declines to reach plaintiff's remaining arguments. See Justin F. v. Comm'r of Soc. Sec., No. 3:23-CV-1041 (SDV), 2024 WL 3633647, at *5 (D. Conn. Aug. 1, 2024) ("Lastly, because the case will be remanded for consideration of the new evidence, the Court does not reach [the] plaintiff's other five claims of error[.]"); see also Brian C. v. Comm'r of Soc. Sec., No. 3:22-CV-01292 (LEK/TWD), 2024 WL 1468869, at *9 (N.D.N.Y. Feb. 20, 2024) ("Because the Court recommends the District Court remand this matter for the ALJ to [reassess evidence], and because that assessment could alter the ALJ's RFC . . . , the Court declines to address [the p]laintiff's remaining arguments."), report and recommendation adopted, 2024 WL 1069877 (N.D.N.Y. Mar. 12, 2024); Mendez, 2019 WL 2482187, at *5 ("Because the Court is remanding the matter for further administrative proceedings that may moot the other arguments raised by [the p]laintiff, the Court declines to consider those arguments at this time."). On remand, however, the ALJ should consider plaintiff's remaining arguments, including whether the ALJ properly developed the record, evaluated the persuasiveness of Dr. Reason's opinion, analyzed plaintiff's activities of daily living, and relied on the Medical-Vocational Guidelines. See Dkt. No. 12 at 4-10; see also Anthony J. v. Comm'r of Soc. Sec., No. 21-CV-34-A, 2023 WL 2165171, at *6 (W.D.N.Y. Feb. 22, 2023).

## V. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby:

**RECOMMENDED**, that the plaintiff's motion (Dkt. No. 12) be **GRANTED**; and it is further

**RECOMMENDED**, that the Commissioner's decision be **REVERSED and REMANDED for further proceedings**; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Date: August 23, 2024
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge